

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2004

# Bashir v. Amer Economy Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bashir v. Amer Economy Ins Co" (2004). *2004 Decisions*. Paper 611.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/611

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3403
_____

KHALID BASHIR,
d/b/a Nuristan,

Appellant

v.

AMERICAN ECONOMY INSURANCE COMPANY,
an Indiana corporation
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-02154)
District Judge:  The Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2004

BEFORE: NYGAARD, McKEE, and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed: June 7, 2004 )

_____

OPINION OF THE COURT

_____

NYGAARD, Circuit Judge.

In this insurance case, Khalid Bashir argues that the District Court erred by granting American Economy Insurance Company summary judgment on his breach of contract and bad faith claims. We have jurisdiction under 28 U.S.C. § 1291, exercise plenary review over the District Court's decision, and will affirm.

I.

We write solely for the parties and, therefore, recount only those facts relevant to our decision. Bashir had a comprehensive business insurance policy with American. In late March, 2001, Bashir discovered that a water leak in the roof of his building had caused damage to carpets and furniture in the building. Bashir notified American and filed a claim under the Policy. American denied the claim and this action followed.

The burden of proving that a claim is covered under an insurance policy falls on the insured, while the burden of proving that an otherwise covered claim is excluded is on the insurer. *New Castle County v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1181 (3d Cir. 1991). Under the Policy, Bashir was insured for damage to all "covered property" that was caused or resulted from any "covered cause of loss." App. at

2

The essential issue in this appeal is whether the damage Bashir sustained was caused by a "covered cause of loss". That phrase is defined in the policy as:

> Risks of Direct Physical Loss unless the loss is:
>
> a. Excluded in Section B., Exclusions; or
>
> b. Limited in Paragraph A.4., Limitations.

App. at 56.

Importantly, Bashir concedes that the District Court was correct in concluding that his loss was not caused by a collapse, as that term is used in the additional coverages section of the policy. *See* Appellant's Brief at 12 (indicating that Bashir does not "take issue" with the District Court's conclusion that Bashir "could not possibly base a coverage claim under the word 'collapse' in the policy"). Also, American did not argue that any limitation in paragraph A.4 applied. Thus, we are left to determine whether the District Court correctly concluded that Bahsir's claim was properly denied because one of the exclusions contained in Section B of the policy applied.

On this point, Bashir also concedes that the District Court properly concluded that Section B's exclusion of losses caused by "settling, cracking, shrinking or expansion" applied to Bashir's loss. However, Bashir argues an exception to that exclusion for "specified causes of loss" should have applied and that the District Court erred in concluding otherwise. We disagree and, essentially for the reasons stated in the

3

District Court's opinion conclude that the specified causes of loss exception does not apply.

Bashir also argues that the District Court erred by concluding that the Policy's exclusions for damage caused by negligent maintenance applied. Bashir ignores the fact that whether or not this exclusion applies is irrelevant because the exclusion for damage caused by "settling, cracking, shrinking or expansion" applied without exception. His claim is therefore excluded under a relevant exclusion and was not caused by a "covered cause of loss." Whether or not additional exclusions may apply does not alter this conclusion and, therefore, we will affirm the District Court's order granting American summary judgment on Bashir's breach of contract claim.

Finally, Bashir argues that the District Court erred by granting American's motion for summary judgment as to Bashir's bad faith claim. We disagree and, for the reasons given by the District Court, will affirm its decision on this issue as well.


_____